# EXHIBIT

# B

In the Superior Court of the State of Arizona
In and For the County of ~~Maricopa~~

Ca ~~se~~

# CV2017-014382

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)

MICHAEL K. JEANES, CLERK
BY
Is Interpreter Needed? ☒ Yes ☐ No
If yes, what language: ~~A. McLoone~~
A. McLOONE, FILED

17 NOV -6 PH 4: 41

Plaintiff's Attorney  David T. Panzavella

Attorney Bar Number  013639

Plaintiff's Name(s): (List all)  Mark Hicks
Plaintiff's Address:  c/o Lerner & Rowe
2701 E. Camelback Rd.
Pheonx, AZ 85016
Phone #: (602) 977-1900
Email Address: dpanzavella@
lernerandrowe.com

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)  ~~Mark~~ Blitz U.S.A., Inc., et al

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order  ☐ Provisional Remedy  ☐ OSC
☐ Election Challenge  ☐ Employer Sanction  ☐ Other _____ (Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. Please review Rule 8.1 for a complete list of the criteria. See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. In addition, mark the appropriate box below in the "Nature of Action" case category. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☒ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☒ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☒ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.  ☐ 123 Hospital
☐ 122 Physician D.O.  ☐ 124 Other

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

CV10f – 010116

Case No. _____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 72 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

Additional Plaintiff(s)

_____

_____

Additional Defendant(s)

_____

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010116

MICHAEL K. JEANES
Clerk of the Superior Court
By Angus McLoone, Deputy
Date 11/06/2017 Time 16:41:38
Description                    Amount
---------- CASE# CV2017-014382 ----------
CIVIL NEW COMPLAINT             322.00
----------------------------------------
TOTAL AMOUNT                    322.00
        Receipt# 26247507

1  David T. Panzarella No. 013639
2  **LERNER & ROWE, P.C.**
   2701 E. Camelback Rd., Ste. 140
3  Phoenix, Arizona 85016
   Tel: (602) 977-1900
4  Fax: (602) 977-1901
   dpanzarella@lernerandrowe.com
5  minutes_entries@lernerandrowe.com
   *Attorneys for Plaintiff*
6

7
8              IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

9                  IN AND FOR THE COUNTY OF MARICOPA

10                                              CV 2017-014382
   MARK HICKS, individually;                )
11                                           )
                  Plaintiff,                 )   CASE NO. _____
12                                           )
   v.                                        )   COMPLAINT
13                                           )
                                             )      1.  **PRODUCTS LIABILITY**
14 BLITZ U.S.A., INC.; LAM 2011 HOLDINGS,    )      2.  **PRODUCT NEGLIGENCE**
   L.L.C., aka BLITZ HOLDINGS, LLC;          )      3.  **EXPRESSED WARRANTY**
15 KINDERHOOK        INDUSTRIES,    LLC.;     )      4.  **IMPLIED WARRANTY**
   KINDERHOOK CAPITAL FUND III, LP;          )      5.  **NEGLIGENCE**
16 BLITZ ACQUISITION HOLDINGS, INC.;         )
   BLITZ ACQUISITION. LLC; BLITZ RE          )
17 HOLDINGS, LLC; F3 BRANDS, LLC; WAL-       )   Jury Trial Demanded
   MART STORES, INC.; WAL-MART STORES        )
18 EAST, LP; DISCOVERY PLASTICS, LLC;        )
   LCB SHOW HORSES; LISA BULLOCK,            )
19 Individually, JOHN DOES AND JANE DOES     )
   I-X, husbands and wives; BLACK AND        )
20 WHITE CORPORATIONS I-XX; BLACK            )
   AND WHITE PARTNERSHIPS I-XX;              )
21                                           )
22                                           )
                                             )
23                Defendants.                )
24                                           )
                                             )
25 _____ )
26
       Plaintiff MARK HICKS (hereinafter, "Plaintiff"), an Individual, brings this Complaint against
27
   all Defendants herein, and alleges as follows:
28
                          **GENERAL ALLEGATIONS**

                                  - 1 -

1.     Plaintiff MARK HICKS is, and at all times herein mentioned was, an Individual residing in the City of Phoenix, County of Maricopa, State of Arizona.

2.     Defendant BLITZ U.S.A., INC., is and was a corporation organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned Defendant BLITZ U.S.A., INC., was engaged in the business of designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water. Defendant BLITZ U.S.A., INC., was, at all times herein mentioned, authorized to conduct business, and was conducting business, in the County of County of Maricopa, State of Arizona.

3.     Defendant LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC and is a domestic LLC entity organized under the laws of the State of Arizona, with its principal place of business located in the City of Chandler, State of Arizona. At all times herein mentioned LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC was engaged in business with Defendant BLITZ U.S.A., INC., was actively engaged in management of the business of Defendant BLITZ U.S.A., INC., and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

4. Defendant KINDERHOOK INDUSTRIES, LLC, was and is a business entity organized under the laws of the State of New York, with its principal place of business located in the City and State of New York. At all times herein mentioned, Defendant KINDERHOOK INDUSTRIES, LLC was engaged in business with Defendant BLITZ U.S.A., INC, was actively involved in management of the business of BLITZ U.S.A., INC, and was the partner and joint venture of BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

5.     Defendant KINDERHOOK CAPITAL FUND III, LP, was and is a business entity organized under the laws of the State of New York, with its principal place of business located in the City and State of New York. At all times herein mentioned, Defendant KINDERHOOK CAPITAL

FUND III, LP was engaged in business with Defendant BLITZ U.S.A., INC., was actively involved in management of the business of engaged in business with Defendant BLITZ U.S.A., INC., and was the partner and joint venture of BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

6.      Defendant BLITZ ACQUISITION HOLDINGS, INC, was and is a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned, Defendant BLITZ ACQUISITION HOLDINGS, INC was engaged in business with Defendant BLITZ U.S.A, INC, and actively involved in management of the business of Defendant BLITZ U.S.A, INC, and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

7.      Defendant BLITZ ACQUISITION LLC, was and is a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned, Defendant BLITZ ACQUISITION LLC was engaged in business with Defendant BLITZ U.S.A., INC, was actively involved in management of the business of Defendant BLITZ U.S.A., INC, and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

8.      Defendant BLITZ RE HOLDINGS LLC, was and is a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned, Defendant BLITZ ACQUISITION LLC was engaged in business with Defendant BLITZ U.S.A., INC, and actively involved in management of the business of Defendant BLITZ U.S.A., INC, and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

9.      Defendant F3 BRANDS LLC, was and is a business entity organized under the laws of the State of Oklahoma, with its principal place of business located in the City of Miami, State of

Oklahoma. At all times herein mentioned, Defendant F3 BRANDS LLC  was engaged in the business of design, manufacture, distribution, sale and placing in the stream of commerce containers to transport, store and dispense fuel and water and, at all times herein mentioned, Defendant F3 BRANDS LLC was engaged in business with Defendant BLITZ U.S.A., INC, and actively involved in management of the business of Defendant BLITZ U.S.A., INC, and was the partner and joint venturer of  Defendant BLITZ U.S.A., INC.,  in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

10.     Defendant WAL-MART STORES, INC. was and is a corporation organized under the laws of the State of Arkansas, or a Sister State, with its principal place of business located in the City of Bentonville, State of Arkansas. At all times herein mentioned, Defendant WAL-MART STORES, INC. owns and operates retail stores throughout the United States, including within the City of Arizona, County of Maricopa, State of Arizona, at which Defendant WAL-MART STORES, INC. sells to members of the public containers to transport, store and dispense fuel and water that are designed and manufactured by Defendant BLITZ U.S.A., INC., in partnership and joint venture with Defendants LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC.

11.     Defendant WAL-MART STORES EAST, LP, was and is a business entity organized under the laws of the State of Arkansas, or a Sister State, with its principal place of business located in the City of Bentonville, State of Arkansas. At all times herein mentioned, Defendant WAL-MART STORES EAST, LP, is engaged in business with Defendant WAL-MART STORES, INC. in the ownership and operation of retail stores throughout the United States, including within the City of Arizona, County of Maricopa, State of Arizona, at which Defendant WAL-MART STORES EAST, LP, sells to members of the public containers to transport, store and dispense fuel and water that are designed and manufactured by Defendant BLITZ U.S.A., INC., in partnership and joint venture with Defendants LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK

INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC.

12.     Defendant DISCOVERY PLASTICS, LLC, is and was a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned Defendant DISCOVERY PLASTICS, LLC, was and is engaged in the business of designing, manufacturing, distributing, selling and placing in the stream of commerce plastic materials, including plastic caps used on the containers to transport, store and dispense fuel and water that are designed and manufactured by Defendant BLITZ U.S.A., INC., in partnership and joint venture with Defendants LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC.

13.     Defendant LISA BULLOCK is, and at all times herein mentioned was, an Individual residing in the City of Phoenix, County of Maricopa, State of Arizona.

14.     Defendant LCB SHOW HORSES is and was a sole proprietorship, partnership, corporation or other business entity organized under the laws of the State of Arizona with its principal place of business located in the City of Phoenix, County of Maricopa, State of Arizona.

15.     All acts complained of herein occurred in the City of Phoenix, County of Maricopa, State of Arizona.

16.     Defendants BLACK AND WHITE PARTNERSHIPS I-X, Defendants BLACK AND WHITE CORPORATIONS I-XX, and Defendants JOHN DOES and JANE DOES I-XX are, and at all times relevant herein were, corporations and/or partnerships and/or business entities and/or other persons.  Plaintiff is informed and believes, and on that basis alleges, that one or more of said Defendants denominated as BLACK AND WHITE CORPORATIONS I-XX, BLACK AND WHITE PARTNERSHIPS I-XX and/or JOHN DOES and JANE DOES I-X caused an event to occur within the State of Arizona out of which the claims which are the subject matter of this complaint arose.  Plaintiff does not know at the present time the true identities of said Defendants and thus, sues them by fictitious

names.  However, such fictitious Defendants are those corporations and/or partnerships and/or business entities and/or other persons who were negligent in some manner so as to cause the incident which is the subject matter of this lawsuit.

17.     Venue is proper in Maricopa County.

18.     On November 7, 2015, Plaintiff MARK HICKS was on the property of Defendants LISA BULLOCK and LCB SHOW HORSES in the City of Phoenix, County of Maricopa, State of Arizona, and, at that time and place, Plaintiff Mark Hicks was holding and using as intended a fuel container designed and manufactured by Defendants BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC,  and exclusively sold by Defendants WAL-MART STORES, INC. and  WAL-MART STORES EAST, LP,  when said fuel container exploded causing Plaintiff to suffered severe injuries and damages as alleged hereinafter.

## COUNT I

## CAUSE OF ACTION: PRODUCTS LIABILITY

**(AS TO DEFENDANTS BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC,  WAL-MART STORES, INC. and  WAL-MART STORES EAST, LP)**

19.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 18, inclusive, of this Complaint as though fully set forth herein.

20.     The injuries and damages to the Plaintiff, and all of the losses and damages described herein were caused by the design and manufacture and marketing of the defective fuel container and cap by Defendants BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC, both generally and in the following respects:

a.  The fuel container and cap were designed in a manner which prevented dangerous and explosive fumes from escaping from inside the fuel container;

b.  The fuel container and cap were designed in a manner which promoted and allowed the accumulation of dangerous and explosive fumes inside the fuel container;

c.  The fuel container and cap failed to include a mesh component that would have allowed dangerous fumes to escape from inside the fuel container.

d.  These defects in design of the fuel container and cap caused the fuel container and cap to be defective and unsafe, thereby rendering the fuel container and cap a danger.

e.  Other misconduct or omissions which rendered the fuel container and cap defective and unreasonably dangerous as revealed by the evidence adduced in pre-trial discovery or presented at the trial of this case.

21.    Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP exclusively sold the involved defective fuel container and cap to the public knowing that design of the fuel container and cap was defective in the manners set forth above, and that use of the fuel container and cap in the manner could and would result in explosion and injuries to members of the public while using the fuel container and cap in the manner intended.

22.    As a direct and legal result of the above-described product defects and acts and omissions of Defendants, Plaintiff MARK HICKS was severely injured and hurt in his health, strength, activity, and well-being.  Plaintiff sustained injuries to his mind and body, shock and injury to their nervous systems and persons, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

23.    As a further direct and legal result of the above-described product defects and acts and omissions of Defendants, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of his injuries.  Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial.  Further, as a legal result of the above described

-7-

product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

24.     As a further direct and legal result of the above-described product defects and acts and omissions of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

<u>COUNT II</u>

<u>CAUSE OF ACTION: PRODUCT NEGLIGENCE</u>

**(AS TO DEFENDANTS BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC,  WAL-MART STORES, INC. and  WAL-MART STORES EAST, LP)**

25.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

26.     The injuries and damages suffered by Plaintiff,  and all of the losses and damages described herein were caused by the negligence of Defendants BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC,, both generally and in the following respects:

    a.    Defendants failed to properly design the fuel container and cap in a manner which allowed dangerous and explosive fumes from escaping from inside the fuel container;

    b.    Defendants failed to properly design the fuel container and cap to include a mesh component that would have allowed dangerous fumes to escape from inside the fuel container.

f.   These defects in design of the fuel container and cap caused the fuel container and cap to be defective and unsafe, thereby rendering the fuel container and cap.

g.   Other misconduct or omissions which rendered the fuel container and cap defective and unreasonably dangerous as revealed by the evidence adduced in pre-trial discovery or presented at the trial of this case.

27.   Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP sold the involved defective fuel container and cap to the public without any reasonable inspection of the fuel container and cap to determine its negligent and defective design. Any such reasonable inspection by Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP, prior to selling the fuel container and cap to the public, would have disclosed the negligent and defective design and its propensity to result in explosion and serious injuries and damages to members of the public.

28.   As a direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was severely injured and hurt in his health, strength, activity, and well-being.  Plaintiff sustained injuries to his mind and body, shock and injury to their nervous systems and persons, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

29.   As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of their injuries.  Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial.  Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

30.   As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

## COUNT III

## CAUSE OF ACTION: BREACH OF EXPRESSED WARRANTY

31.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth herein.

32.     Defendants warranted that the fuel container would be "…easy to use spout features convenient variable flow, automatic venting, automatic locking when lever is released, and an airtight seal when not in use to reduce spills quality" and that work would be free of defects and would conform with the requirements as advertised.

33.     Plaintiff is informed and believes and thereon alleges that the fuel container was inadequately manufactured, developed, designed, and distributed to the public, so that the above described defective conditions existed contrary to that advertised.

34.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the foregoing breach of express warranty and the actions and/or omission of Defendants, and each of them, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of their injuries.  Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial.  Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

35.     As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

## COUNT IV

## CAUSE OF ACTION: IMPLIED WARRANTY

36.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 35, inclusive, of this Complaint as though fully set forth herein.

37.     Defendants warranted that the fuel container would contain "emission reducing technology…easy to use spout features convenient variable flow, automatic venting, automatic locking when lever is released, and an airtight seal when not in use to reduce spills quality", and further implied the goods purchased from the description implied the above conditions and be reasonably fit for such purposes.

38.     Plaintiff is informed and believes and thereon alleges that the fuel container was inadequately manufactured, developed, designed, and distributed to the public, so that the above described defective conditions existed contrary to that advertised.

39.     Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the foregoing breach of implied warranty and the actions and/or omission of Defendants, and each of them, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of their injuries.  Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial.  Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

40.     As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

### COUNT V

### CAUSE OF ACTION: NEGLIGENCE

### (AS TO DEFENDANTS LISA BULLOCK and LCB SHOW HORSES)

31.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth herein.

32.     On November 7, 2015, Defendants LISA BULLOCK and LCB SHOW HORSES each had a duty to maintain their premises in a reasonably safe condition. Defendants LISA BULLOCK and LCB SHOW HORSES breached their duty of care by providing to Plaintiff MARK HICKS a fuel

container and cap that exploded and caused to Plaintiff severe injuries and damages while Plaintiff was using the fuel container and cap in an intended manner.

22.     As a direct and legal result of the above-described negligence of Defendants, Plaintiff MARK HICKS was severely injured and hurt in his health, strength, activity, and well-being. Plaintiff sustained injuries to his mind and body, shock and injury to their nervous systems and persons, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

23.     As a further direct and legal result of the above-described negligence of Defendants, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of their injuries. Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial. Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

24.     As a further direct and legal result of the above-described negligence of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

**WHEREFORE,** Plaintiff MARK HICKS prays for Judgment against Defendants and each of them as follows:

      a.    For damages incurred by the Plaintiff (and all those entitled to recover under the applicable law) in such amounts as are reasonable to compensate for the injuries and losses suffered;

      b.    For recovery of all economic damages suffered by Plaintiff;

      c.    For recovery of all non-economic damages suffered by Plaintiff;

      d.    For the value of past and future intangible losses recoverable under applicable law;

      e.    For any other past and future losses permitted by law;

f.    For costs of this action; and

g.    For such other and further relief as the Court deems just and proper.


Dated: November 6, 2017

LERNER & ROWE, P.C.,


By

David T. Panzarella, Esq.
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona  85016
*Attorney for Plaintiff*

- 13 -

1    David T. Panzarella, No. 013639
     **LERNER & ROWE, P.C.**
2    2701 E. Camelback Rd., Ste. 140
     Phoenix, Arizona 85016
3    Telephone: (602) 977-1900
     Fax: (602) 977-1901
4    *dpanzarella@lernerandrowe.com*
     *minute_entries@lernerandrowe.com*
5    Attorney for Plaintiff

6              **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

7                  **IN AND FOR THE COUNTY OF MARICOPA**

8                                                    CV 2017-014382

9    MARK HICKS, individually;              No. CV2017-_____

10              Plaintiff,

11   v.

12                                          PLAINTIFF'S CERTIFICATE
                                            REGARDING COMPULSORY ARBITRATION
13   BLITZ U.S.A., INC.; LAM 2011 HOLDINGS,
     L.L.C., aka BLITZ HOLDINGS, LLC;
14   KINDERHOOK INDUSTRIES, LLC.;
     KINDERHOOK CAPITAL FUND III, LP;
15   BLITZ ACQUISITION HOLDINGS, INC.;
     BLITZ ACQUISITION. LLC; BLITZ RE
16   HOLDINGS, LLC; F3 BRANDS, LLC; WAL-
     MART STORES, INC.; WAL-MART STORES
17   EAST, LP; DISCOVERY PLASTICS, LLC;
     LCB SHOW HORSES; LISA BULLOCK,
18   Individually, JOHN DOES AND JANE DOES I-
     X, husbands and wives; BLACK AND WHITE
19   CORPORATIONS I-XX; BLACK AND WHITE
     PARTNERSHIPS I-XX;
20
21              Defendants.
22
23          The undersigned certifies that he knows the dollar limits and any other limitations set forth by

24   the local rules of practice for the applicable superior court, and further certifies that this case **IS NOT**

25   subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil

26   Procedure.

27   //

28   //

**RESPECTFULLY SUBMITTED** this 6ᵗʰ day of November 2017.

LERNER & ROWE, P.C.

By

David T. Panzarella, Esq.
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona 85016
*Attorney for Plaintiff*

1   David T. Panzarella, No. 013639
    **LERNER & ROWE, P.C.**
2   2701 E. Camelback Rd., Ste. 140
    Phoenix, Arizona 85016
3   Telephone: (602) 977-1900
    Fax: (602) 977-1901
4   *dpanzarella@lernerandrowe.com*
    *minute_entries@lernerandrowe.com*
5
6   *Attorney for Plaintiff*

7                  **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

8                       **IN AND FOR THE COUNTY OF MARICOPA**

                                                    CV2017-014382
9   | MARK HICKS, individually; | |
10  |                            | No. CV2017-_____ |

11  | Plaintiff, |

    v.
12
13  BLITZ U.S.A., INC.; LAM 2011 HOLDINGS,      **PLAINTIFF'S DEMAND FOR**
    L.L.C., aka BLITZ HOLDINGS, LLC;           **JURY TRIAL**
14  KINDERHOOK     INDUSTRIES,     LLC.;
    KINDERHOOK CAPITAL FUND III, LP;
15  BLITZ ACQUISITION HOLDINGS, INC.;
    BLITZ  ACQUISITION.  LLC;  BLITZ  RE
16  HOLDINGS, LLC; F3 BRANDS, LLC; WAL-
    MART STORES, INC.; WAL-MART STORES
17  EAST, LP; DISCOVERY PLASTICS, LLC;
    LCB SHOW HORSES; LISA BULLOCK,
18  Individually, JOHN DOES AND JANE DOES I-
    X, husbands and wives; BLACK AND WHITE
19  CORPORATIONS I-XX; BLACK AND WHITE
    PARTNERSHIPS I-XX;
20
21
22                      Defendants.

23          Pursuant to Rule 38(b), Arizona Rules of Civil Procedure, Plaintiff, by and through

24  counsel undersigned, hereby **DEMANDS TRIAL BY JURY ON ALL COUNTS.**

25          **RESPECTFULLY SUBMITTED** this 6th day of November, 2017.

26
27  //

28  //

                                            - 1 -

LERNER & ROWE, P.C.,

By _____
David T. Panzarella, Esq.
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona  85016
*Attorney for Plaintiff*

In the Superior Court of the State of Arizona
In and For the County of ~~Maricopa~~

Ca:  **CV2017-014382**

Is Interpreter Ne
If yes, what lang

MICHAEL ~~K. JEANES, CLERK~~
BY *H. Raines* DEP Ⓧ

**FILED**

17 NOV -8  AM 10: 26

CIVIL COVER SHEET- NEW FILING ONLY
(Please Type or Print)  *Amended*

Plaintiff's Attorney  *David T. Panzarella*

Attorney Bar Number  *013639*

Plaintiff's Name(s):  (List all)  *Mark Hicks*

Plaintiff's Address: *c/o Lerner & Rowe*
*2701 E. Camelback Rd.*
*Phoenix, AZ 85016*

Phone #: *(602)977-1900*

Email Address: *dpanzarella @*
*lernerandrowe.com*

(List additional plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s):  (List All)  *~~Mark~~ Blitz U.S.A., Inc., et al*

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT:  ☐ Temporary Restraining Order  ☐ Provisional Remedy  ☐ OSC

☐ Election Challenge  ☐ Employer Sanction  ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **In addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER EXPERIMENTAL RULE 8.1. (Maricopa County only.) Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. Please review Rule 8.1 for a complete list of the criteria. See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. In addition, mark the appropriate box below in the "Nature of Action" case category. The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**
☑ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**
☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 12 Product Liability – Toxic
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**
☐ 121 Physician M.D.  ☐ 123 Hospital
☐ 122 Physician D.O  ☐ 124 Other

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

Page 1 of 2

CV10f – 010116

Case No. _____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute-Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 135(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

**Additional Plaintiff(s)**

_____

_____

**Additional Defendant(s)**

_____

_____

©Superior Court of Arizona in Maricopa County
ALL RIGHTS RESERVED

CV10f - 010116

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
T. Hays, Deputy
1/5/2018 9:13:00 AM
Filing ID 8974545

David T. Panzarella, Esq., #013639
**LERNER & ROWE, P.C.**
2701 East Camelback Road
Suite 140
Phoenix, AZ 85016
Telephone (602) 977-1900
Facsimile (602) 977-1901

Attorneys for Plaintiff

## SUPERIOR COURT OF THE STATE OF ARIZONA

## FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MARK HICKS, an individual, | Case No.: CV2017-014382 |
| Plaintiff, | **MOTION TO ASSOCIATE COUNSEL PRO HAC VICE** |
| v. | |
| BLITZ U.S.A., INC., et al., | |
| Defendants. | |

David T. Panzarella, Esq., pursuant to Rule 39, Ariz. R. Sup. Ct., moves the court to associate Garo Mardirossian, Esq., as counsel pro hac vice in this action. In support of this motion and pursuant to Rule 39(c)(1)(A), the following original documents are attached:

1.   Verified Application to Appear Pro Hac Vice;

2.   Certificate of Good Standing; and

3.   State Bar of Arizona Notice of Receipt of Complete Application.

David T. Panzarella, Esq., hereby agrees to serve as local counsel in this matter and accepts the responsibilities detailed in Rule 39(b), Ariz. R. Sup. Ct.

DATED this ___3___ day of ~~December~~, 2018.

**LERNER & ROWE, P.C.**

By: _____
    David T. Panzarella, Esq.
    Attorneys for Plaintiff

Copies of the foregoing mailed/hand-delivered

this ___3___ day of ~~December~~, 2017, to:

By _____

Michael K Jeanes, Clerk of Court
*** Electronically Filed ***
M. De La Cruz, Deputy
1/10/2018 2:23:00 PM
Filing ID 8989501

David T. Panzarella No. 013639
**LERNER & ROWE, P.C.**
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona 85016
Tel: (602) 977-1900
Fax: (602) 977-1901
dpanzarella@lernerandrowe.com
minutes_entries@lernerandrowe.com
*Attorneys for Plaintiff*

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| MARK HICKS, individually; | ) |
| | ) CASE NO. CV2017-014382 |
| Plaintiff, | ) |
| | ) AMENDED COMPLAINT |
| v. | ) |
| | ) **1. PRODUCTS LIABILITY** |
| BLITZ U.S.A., INC.; LAM 2011 | ) **2. PRODUCT NEGLIGENCE** |
| HOLDINGS, L.L.C., aka BLITZ | ) **3. BREACH OF WARRANTY** |
| HOLDINGS, LLC; KINDERHOOK | ) **4. NEGLIGENCE** |
| INDUSTRIES, LLC.; KINDERHOOK | ) |
| CAPITAL FUND III, LP; BLITZ | ) |
| ACQUISITION HOLDINGS, INC.; BLITZ | ) Jury Trial Demanded |
| ACQUISITION. LLC; BLITZ RE | ) |
| HOLDINGS, LLC; F3 BRANDS, LLC; | ) |
| WAL-MART STORES, INC.; WAL-MART | ) |
| STORES EAST, LP; DISCOVERY | ) |
| PLASTICS, LLC; LCB SHOW HORSES; | ) |
| LISA BULLOCK, Individually, JOHN | ) |
| DOES AND JANE DOES I-X, husbands | ) |
| and wives; BLACK AND WHITE | ) |
| CORPORATIONS I-XX; BLACK AND | ) |
| WHITE PARTNERSHIPS I-XX; | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

- 1 -

Plaintiff MARK HICKS (hereinafter, "Plaintiff"), an Individual, brings this Complaint against all Defendants herein, and alleges as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff MARK HICKS is, and at all times herein mentioned was, an Individual residing in the City of Phoenix, County of Maricopa, State of Arizona.

2.     Defendant BLITZ U.S.A., INC., is and was a corporation organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned Defendant BLITZ U.S.A., INC., was engaged in the business of designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water. Defendant BLITZ U.S.A., INC., was, at all times herein mentioned, authorized to conduct business, and was conducting business, in the County of County of Maricopa, State of Arizona.

3.     Defendant LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC and is a domestic LLC entity organized under the laws of the State of Arizona, with its principal place of business located in the City of Chandler, State of Arizona. At all times herein mentioned LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC was engaged in business with Defendant BLITZ U.S.A., INC., was actively engaged in management of the business of Defendant BLITZ U.S.A., INC., and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

4. Defendant KINDERHOOK INDUSTRIES, LLC, was and is a business entity organized under the laws of the State of New York, with its principal place of business located in the City and State of New York. At all times herein mentioned, Defendant KINDERHOOK INDUSTRIES, LLC was engaged in business with Defendant BLITZ U.S.A., INC, was actively involved in management of the business of BLITZ U.S.A., INC, and was the partner and joint venture of BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

5.      Defendant KINDERHOOK CAPITAL FUND III, LP, was and is a business entity organized under the laws of the State of New York, with its principal place of business located in the City and State of New York. At all times herein mentioned, Defendant KINDERHOOK CAPITAL FUND III, LP was engaged in business with Defendant BLITZ U.S.A., INC., was actively involved in management of the business of engaged in business with Defendant BLITZ U.S.A., INC., and was the partner and joint venture of BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

6.      Defendant BLITZ ACQUISITION HOLDINGS, INC., was and is a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned, Defendant BLITZ ACQUISITION HOLDINGS, INC was engaged in business with Defendant BLITZ U.S.A., INC, and actively involved in management of the business of Defendant BLITZ U.S.A., INC, and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

7.      Defendant BLITZ ACQUISITION LLC, was and is a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned, Defendant BLITZ ACQUISITION LLC was engaged in business with Defendant BLITZ U.S.A., INC, was actively involved in management of the business of Defendant BLITZ U.S.A., INC, and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

8.      Defendant BLITZ RE HOLDINGS LLC, was and is a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned, Defendant

BLITZ ACQUISITION LLC was engaged in business with Defendant BLITZ U.S.A., INC, and actively involved in management of the business of Defendant BLITZ U.S.A., INC, and was the partner and joint venture of Defendant BLITZ U.S.A., INC., in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

9.     Defendant F3 BRANDS LLC, was and is a business entity organized under the laws of the State of Oklahoma, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned, Defendant F3 BRANDS LLC  was engaged in the business of design, manufacture, distribution, sale and placing in the stream of commerce containers to transport, store and dispense fuel and water and, at all times herein mentioned, Defendant F3 BRANDS LLC was engaged in business with Defendant BLITZ U.S.A., INC, and actively involved in management of the business of Defendant BLITZ U.S.A., INC, and was the partner and joint venture of  Defendant BLITZ U.S.A., INC.,  in designing, manufacturing, distributing, selling and placing in the stream of commerce containers to transport, store and dispense fuel and water.

10.     Defendant WAL-MART STORES, INC. was and is a corporation organized under the laws of the State of Arkansas, or a Sister State, with its principal place of business located in the City of Bentonville, State of Arkansas. At all times herein mentioned, Defendant WAL-MART STORES, INC. owns and operates retail stores throughout the United States, including within the City of Arizona, County of Maricopa, State of Arizona, at which Defendant WAL-MART STORES, INC. sells to members of the public containers to transport, store and dispense fuel and water that are designed and manufactured by Defendant BLITZ U.S.A., INC., in partnership and joint venture with Defendants LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC.

11.     Defendant WAL-MART STORES EAST, LP, was and is a business entity organized under the laws of the State of Arkansas, or a Sister State, with its principal place of business located in the City of Bentonville, State of Arkansas. At all times herein mentioned, Defendant WAL-MART STORES EAST, LP, is engaged in business with Defendant WAL-MART STORES, INC. in the ownership and operation of retail stores throughout the United States, including within the City of Arizona, County of Maricopa, State of Arizona, at which Defendant WAL-MART STORES EAST, LP, sells to members of the public containers to transport, store and dispense fuel and water that are designed and manufactured by Defendant BLITZ U.S.A., INC., in partnership and joint venture with Defendants LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC.

12.     Defendant DISCOVERY PLASTICS, LLC, is and was a business entity organized under the laws of the State of Oklahoma, or a Sister State, with its principal place of business located in the City of Miami, State of Oklahoma. At all times herein mentioned Defendant DISCOVERY PLASTICS, LLC, was and is engaged in the business of designing, manufacturing, distributing, selling and placing in the stream of commerce plastic materials, including plastic caps used on the containers to transport, store and dispense fuel and water that are designed and manufactured by Defendant BLITZ U.S.A., INC., in partnership and joint venture with Defendants LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC.

13.     Defendant LISA BULLOCK is, and at all times herein mentioned was, an Individual residing in the City of Phoenix, County of Maricopa, State of Arizona.

14.     Defendant LCB SHOW HORSES is and was a sole proprietorship, partnership, corporation or other business entity organized under the laws of the State of Arizona with its

principal place of business located in the City of Phoenix, County of Maricopa, State of Arizona.

15.     All acts complained of herein occurred in the City of Phoenix, County of Maricopa, State of Arizona.

16.     Defendants BLACK AND WHITE PARTNERSHIPS I-XX, Defendants BLACK AND WHITE CORPORATIONS I-XX, and Defendants JOHN DOES and JANE DOES I-X are, and at all times relevant herein were, corporations and/or partnerships and/or business entities and/or other persons. Plaintiff is informed and believes, and on that basis alleges, that one or more of said Defendants denominated as BLACK AND WHITE CORPORATIONS I-XX, BLACK AND WHITE PARTNERSHIPS I-XX and/or JOHN DOES and JANE DOES I-X caused an event to occur within the State of Arizona out of which the claims which are the subject matter of this complaint arose. Plaintiff does not know at the present time the true identities of said Defendants and thus, sues them by fictitious names. However, such fictitious Defendants are those corporations and/or partnerships and/or business entities and/or other persons who were negligent in some manner so as to cause the incident which is the subject matter of this lawsuit.

17.     Venue is proper in Maricopa County.

18.     On November 7, 2015, Plaintiff MARK HICKS was on the property of Defendants LISA BULLOCK and LCB SHOW HORSES in the City of Phoenix, County of Maricopa, State of Arizona, and, at that time and place, Plaintiff Mark Hicks was holding and using as intended a fuel container designed and manufactured by Defendants BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC, BLACK AND WHITE CORPORATIONS I-XX, BLACK AND WHITE PARTNERSHIPS I-XX and/or JOHN DOES and JANE DOES I-X  and exclusively sold by Defendants WAL-MART STORES, INC. and  WAL-MART STORES EAST, LP,  when said

fuel container exploded causing Plaintiff to suffered severe injuries and damages as alleged hereinafter.

**COUNT I**

**CAUSE OF ACTION: PRODUCTS LIABILITY**

**(AS TO DEFENDANTS BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC, WAL-MART STORES, INC. and  WAL-MART STORES EAST, LP; and, BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX)**

19.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 18, inclusive, of this Complaint as though fully set forth herein.

20.     The injuries and damages to the Plaintiff, and all of the losses and damages described herein were caused by the design and manufacture and marketing of the defective fuel container and cap by Defendants BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC, BLACK and WHITE CORPORATIONS I-XX, BLACK and WHITE PARTNERSHIPS I-XX and/or JOHN DOES and JANE DOES I-X both generally and in the following respects:

    a.  The fuel container and cap were designed in a manner which prevented dangerous and explosive fumes from escaping from inside the fuel container;

    b.  The fuel container and cap were designed in a manner which promoted and allowed the accumulation of dangerous and explosive fumes inside the fuel container;

    c.  The fuel container and cap failed to include a mesh component that would have allowed dangerous fumes to escape from inside the fuel container.

- 7 -

d. These defects in design of the fuel container and cap caused the fuel container and cap to be defective and unsafe, thereby rendering the fuel container and cap a danger.

e. Other misconduct or omissions which rendered the fuel container and cap defective and unreasonably dangerous as revealed by the evidence adduced in pre-trial discovery or presented at the trial of this case.

21.     Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP and BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX exclusively sold the involved defective fuel container and cap to the public knowing that design of the fuel container and cap was defective in the manners set forth above, and that use of the fuel container and cap in the manner could and would result in explosion and injuries to members of the public while using the fuel container and cap in the manner intended.

22.     As a direct and legal result of the above-described product defects and acts and omissions of Defendants, Plaintiff MARK HICKS was severely injured and hurt in his health, strength, activity, and well-being.  Plaintiff sustained injuries to his mind and body, shock and injury to their nervous systems and persons, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

23.     As a further direct and legal result of the above-described product defects and acts and omissions of Defendants, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of his injuries.  Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial.  Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

24.     As a further direct and legal result of the above-described product defects and acts and omissions of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

<u>**COUNT II**</u>

<u>**CAUSE OF ACTION: PRODUCT NEGLIGENCE**</u>

**(AS TO DEFENDANTS BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC, WAL-MART STORES, INC. and  WAL-MART STORES EAST, LP; and, BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX)**

25.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 25, inclusive, of this Complaint as though fully set forth herein.

26.     The injuries and damages suffered by Plaintiff,  and all of the losses and damages described herein were caused by the negligence of Defendants BLITZ U.S.A., INC., LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC, KINDERHOOK INDUSTRIES, LLC, KINDERHOOK CAPITAL FUND III, LP, BLITZ ACQUISITION HOLDINGS, INC., BLITZ RE HOLDINGS LLC and F3 BRANDS LLC and DISCOVERY PLASTICS, LLC, and, BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX, both generally and in the following respects:

a.     Defendants failed to properly design the fuel container and cap in a manner which allowed dangerous and explosive fumes from escaping from inside the fuel container;

b.     Defendants failed to properly design the fuel container and cap to include a mesh component that would have allowed dangerous fumes to escape from inside the fuel container.

- 9 -

f. These defects in design of the fuel container and cap caused the fuel container and cap to be defective and unsafe, thereby rendering the fuel container and cap.

g. Other misconduct or omissions which rendered the fuel container and cap defective and unreasonably dangerous as revealed by the evidence adduced in pre-trial discovery or presented at the trial of this case.

27.     Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP sold the involved defective fuel container and cap to the public without any reasonable inspection of the fuel container and cap to determine its negligent and defective design. Any such reasonable inspection by Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP, prior to selling the fuel container and cap to the public, would have disclosed the negligent and defective design and its propensity to result in explosion and serious injuries and damages to members of the public.

28.     As a direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff  MARK HICKS was severely injured and hurt in his health, strength, activity, and well-being.  Plaintiff sustained injuries to his mind and body, shock and injury to their nervous systems and persons, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

29.     As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of their injuries. Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial. Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

30.     As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

## COUNT III

## CAUSE OF ACTION: BREACH OF WARRANTY

31.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 30, inclusive, of this Complaint as though fully set forth herein.

32.     Defendants warranted that the fuel container would be "...easy to use spout features convenient variable flow, automatic venting, automatic locking when lever is released, and an airtight seal when not in use to reduce spills quality" and that work would be free of defects and would conform with the requirements as advertised.

33.     The express warranties made by Defendants about the product's safety were part of the basis of the bargain between Plaintiff and Defendants at the time of the product's sale/purchase.

33.     Defendants implicitly warranted to the public generally and specifically to Plaintiff that the fuel container was of merchantable quality, that it was fit for a particular purpose, and that it was safe for use under ordinary, foreseeable circumstances by the consumer. Defendants were merchants with respect to the product in question, and the product was not merchantable as warranted. Plaintiff relied upon all representations made about the product, implied or express, particularly about its safety in deciding to purchase and use the subject fuel container.

34.     Plaintiff is informed and believes and thereon alleges that the fuel container was inadequately manufactured, developed, designed, and distributed to the public, so that the above described defective conditions existed contrary to that advertised.

35.     Defendants knew or should have known that the product in question was unfit for the purpose for which it was intended to be used. Upon information and belief, at a

minimum, Defendants were aware prior to this lawsuit, that the subject product had exploded and injured numerous other consumers who used the product in accordance with the product use instructions and/or in a reasonably foreseeable manner.

36.    The product sold to Plaintiff was not of the quality or condition expressly warranted by Defendants' representations, was defective and unreasonably dangerous.

37.    Defendants' breach of warranty, taken singularly or in combination, are a proximate cause of Plaintiff's injuries and damages.

38.    Defendants warranted that the fuel container would contain "emission reducing technology…easy to use spout features convenient variable flow, automatic venting, automatic locking when lever is released, and an airtight seal when not in use to reduce spills quality", and further implied the goods purchased from the description implied the above conditions and be reasonably fit for such purposes.

39.    Plaintiff is informed and believes and thereon alleges that the fuel container was inadequately manufactured, developed, designed, and distributed to the public, so that the above described defective conditions existed contrary to that advertised.  Plaintiff is informed and believes and thereon alleges that, as a direct and proximate result of the foregoing breach of express warranty and the actions and/or omission of Defendants, and each of them, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of their injuries.  Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial.  Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

40.    As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

## COUNT IV

## CAUSE OF ACTION: NEGLIGENCE

### (AS TO DEFENDANTS LISA BULLOCK and LCB SHOW HORSES)

41.     Plaintiff MARK HICKS  incorporates by this reference each of the allegations set forth in Paragraphs 1 through 40, inclusive, of this Complaint as though fully set forth herein.

42.     On November 7, 2015, Defendants LISA BULLOCK and LCB SHOW HORSES each had a duty to maintain their premises in a reasonably safe condition. Defendants LISA BULLOCK and LCB SHOW HORSES breached their duty of care by providing to Plaintiff MARK HICKS a fuel container and cap that exploded and caused to Plaintiff severe injuries and damages while Plaintiff was using the fuel container and cap in an intended or reasonably foreseeable manner.

43.     Defendants, and each of them, were negligent in developing, developing, designing, manufacturing, testing, selling, testing, and marketing the fuel container at issue.

44.     Defendants, and each of them, failed to take reasonable care in developing, designing, manufacturing, testing, selling, and marketing the subject fuel container, and placed it into the stream of commerce in an unsafe condition.

45.     The product was defective in that if failed to conform to safe product design and specifications of such fuel container, and its defective design failed to prevent the sudden and unexpected explosion of scalding hot liquids when used by the consumer according to the product's instructions.

46.     Defendants are liable for failing to exercise reasonable care in determining accuracy of representations made to consumers regarding the safety and functionality of the fuel container, and such reliance was foreseeable by Defendant.

47.     The specific acts of negligent manufacturing or design on the part of each Defendant rests in facts that are peculiarly within the knowledge of the Defendants.  Plaintiff relies on the doctrine of *Res Ipsa Loquitor*. Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not happen in the absence of

negligence and that the design and manufacture of the subject fuel container was within the exclusive control of Defendants at the time the negligence occurred.

48.   As a direct and legal result of the above-described negligence of Defendants, Plaintiff MARK HICKS was severely injured and hurt in his health, strength, activity, and well-being.  Plaintiff sustained injuries to his mind and body, shock and injury to their nervous systems and persons, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

49.   As a further direct and legal result of the above-described negligence of Defendants, Plaintiff MARK HICKS was required to and did seek professional help for medical examination, treatment and care of their injuries.  Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial.  Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

50.   As a further direct and legal result of the above-described negligence of Defendants, Plaintiff MARK HICKS was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

**WHEREFORE**, Plaintiff MARK HICKS prays for Judgment against Defendants and each of them as follows:

a.   For damages incurred by the Plaintiff (and all those entitled to recover under the applicable law) in such amounts as are reasonable to compensate for the injuries and losses suffered;

b.   For recovery of all economic damages suffered by Plaintiff;

c.   For recovery of all non-economic damages suffered by Plaintiff;

d.   For the value of past and future intangible losses recoverable under applicable law;

e.   For any other past and future losses permitted by law;

f.   For costs of this action; and

g.   For such other and further relief as the Court deems just and proper.

Dated: January 10, 2018

**LERNER & ROWE, P.C.,**

By

David T. Panzarella, Esq.
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona  85016
*Attorney for Plaintiff*

- 15 -



Office Distribution

# SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

**FILED**
01/10/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

01/06/2018

COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2017-014382

**Mark Hicks**

**V.**

**Blitz U S A Inc**

---

The Judge assigned to this action is the Honorable Kerstin G LeMaire

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 11/06/2017 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 02/05/2018. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2017-014382

| Party Name | Attorney Name | |
|---|---|---|
| Mark Hicks | David T Panzarella | Bar ID: 013639 |

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
01/16/2018 8:00 AM

## SUPERIOR COURT OF ARIZONA
## MARICOPA COUNTY

CV 2017-014382                                          01/10/2018


HONORABLE KERSTIN LEMAIRE

CLERK OF THE COURT
D. Charbagi
Deputy


MARK HICKS                              DAVID T PANZARELLA

v.

BLITZ U S A INC, et al.


### MINUTE ENTRY


The Court has received the Motion to Associate Counsel Pro Hac Vice filed January 5, 2018.  The Motion fails to comply with the requirements of the Rules of the Supreme Court, Rule 38(c) as it fails to include as exhibits the original verified application for admission pro hac vice, the original certificates of good standing, and the State Bar of Arizona Notice.

**IT IS ORDERED DENYING** the Motion to Associate Counsel Pro Hac Vice without prejudice.


Docket Code 019                    Form V000A                          Page 1

# Affidavit of Process Server

FILED 2:07pm
FEB 06 2018
MICHAEL K. JEANES, Clerk
By: N. Butzbach, Deputy

Superior Court State of Oklahoma
**(NAME OF COURT)**

Mark Hills vs Blitz USA et. al.
PLAINTIFF/PETITIONER    DEFENDANT/RESPONDENT

CV2017-014382
CASE NUMBER

I, Dr. Tinsley Keefe, being duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

**Service:** I served Blitz USA Inc
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) ① Summons ② Complaint ③ Amended Complaint ④ Plaintiff's Demand for Jury Trial ⑤ Plaintiff's Cert.

by leaving with Larry Mahseky - Summons Dept.
NAME    RELATIONSHIP

☐ Residence _____

☐ Business OK Secretary of State, 421 NW 13th St OKC, ok
ADDRESS    CITY / STATE

On January 17, 2018 AT 12:10 pmCST
DATE    TIME

☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____
DATE

from _____
CITY    STATE    ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address  ☐ Moved, Left no Forwarding  ☐ Service Cancelled by Litigant ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other _____

**Service Attempts:** Service was attempted on: (1)_____ (2)_____
DATE TIME    DATE TIME
(3)_____ (4)_____ (5)_____
DATE TIME    DATE TIME    DATE TIME

**Description:** Age___ Sex___ Race___ Height___ Weight___ Hair___ Beard___ Glasses___

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 17th day of January 20___, by Dr. Tinsley Keefe
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the state of OK

# Affidavit of Process Server

FEB 0 6 2018   FILED 2:07 PM

MICHAEL K. JEANES, Clerk
By ___ DEPUTY CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

In The Superior Court For The State Of Arizona   In And For The County Of Maricopa
_(NAME OF COURT)_

| Mark Hicks, individually | VS | Discovery Plastics, LLC | CV2017-014382 |
|---|---|---|---|
| **PLAINTIFF/PETITIONER** | | **DEFENDANT/RESPONDENT** | **CASE NUMBER** |

2017 DEC 6 PM 2: 07

I ___ Betty Johnson ___, being first duly sworn, depose and say:  that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service.

Service: I served ___ Discovery Plastics, LLC ___
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) ___ Summons, Complaint, Amended Complaint, Certificate of Compulsory Arbitration, Demand for a Jury Trial ___

by leaving with ___ Tracy Andrews ___   ___ HR Manager ___   At
                          NAME                            RELATIONSHIP

☐ Residence ___
                  ADDRESS                          CITY / STATE

☑ Business ___ 3607 28th Avenue NE ___   ___ Miami, Oklahoma  74354 ___
                  ADDRESS                          CITY / STATE

On ___ 1/18/2018 ___   AT ___ 2:24 PM ___
        DATE                          TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on ___
                                                                                                    DATE

from ___
        CITY            STATE            ZIP

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of ___ and explaining the general nature of the papers.
☑ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist   ☐ Other ___

**Service Attempts:** Service was attempted on: (1) _01/18/2018   2:24 PM_   (2) ___
                                                                    DATE          TIME              DATE          TIME

(3) ___   (4) ___   (5) ___
      DATE      TIME          DATE      TIME          DATE      TIME

**Description:** Age _40_   Sex _F_   Race _W_   Height _5'3"_   Weight _150_   Hair _Brown_   Beard _N_   Glasses _N_

_Betty Johnson_
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _20th_ day of _January_, 20 _18_, by _DL_
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

ERIN M BOUDREAUX
Notary Public - Notary Seal
State of Missouri, Jasper County
Commission # 16696240
My Commission Expires Feb 9, 2020

_Erin M Boudreaux_
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of _Missouri_

NAPPS

FORM 2   NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

# Affidavit of Process Server

Superior Court, State of Arizona, Maricopa County
_____
(NAME OF COURT)

Mark Hicks          vs    Blitz USA Inc   CV-00
_____         _____
PLAINTIFF/PETITIONER              DEFENDANT/RESPONDENT

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

CV2017-014382
CASE NUMBER

18 FEB -6 PM 2: 07

I Dr. Tinsley Keck _____ being first duly sworn, depose and say: that I am over the age of 18 years and
not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to
perform said service.

FILED BY N. BUTZBACH

**Service:** I served _____ F3 Brands, LLC _____
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) ①Summons ②complaint ③Amended complaints  ④ Plaintiff's demand
for Jury
by leaving with _____ Larry Mahsetky - Summons Dept. _____  At  Trial
NAME                               RELATIONSHIP                   ⑤N

☐ Residence _____
ADDRESS                    CITY / STATE            Certs Re:

☐ Business  4212 No 13th St OKC OK  Comp
ADDRESS                    CITY / STATE            Avb.

On January 17, 2018 _____ AT _____ 12:10 pm CST
DATE                          TIME

N/A ☐ Inquired if subject was a member of the U.S. Military and was informed they are not.

Thereafter copies of the documents were mailed by prepaid, first class mail on _____

from _____
CITY          STATE          ZIP            DATE

**Manner of Service:**
☐ **Personal:** By personally delivering copies to the person being served.
☐ **Substituted at Residence:** By leaving copies at the dwelling house or usual place of abode of the person being
served with a member of the household over the age of _____ and explaining the general nature of the papers.
☐ **Substituted at Business:** By leaving, during office hours, copies at the office of the person/entity being served with
the person apparently in charge thereof.
☐ **Posting:** By posting copies in a conspicuous manner to the front door of the person/entity being served.

**Non-Service:** After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been
unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address   ☐ Moved, Left no Forwarding   ☐ Service Cancelled by Litigant   ☐ Unable to Serve in Timely Fashion
☐ Address Does Not Exist ☐ Other_____

**Service Attempts:** Service was attempted on: (1)_____   (2)_____
DATE      TIME              DATE      TIME

(3)_____   (4)_____   (5)_____
DATE  TIME      DATE  TIME      DATE  TIME

**Description:.** Age_____ Sex_____ Race_____ Height_____ Weight_____ Hair_____ Beard_____ Glasses_____

_____
SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this 17th day of January 20____, by Dr. Tinsley Keck
Proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
SIGNATURE OF NOTARY PUBLIC

NOTARY PUBLIC for the state of ____

GLENN R. VOSS
NOTARY
PUBLIC
# 12006732
EXP. 07/19/20
STATE OF OKLAHOMA

FORM 2    NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

NAPPS

1    Victory Services, L.L.C.
      3223 E. Hillery Drive
2    Phoenix, Arizona   85032
      602-404-2075
3    Process service company

**MICHAEL K. JEANES, CLERK**
**RECEIVED NE OUTSIDE**
**DEPOSITORY**

**18 FEB -6   PM 2: 06**

**FILED BY N. BUTZBACH**

4

5           **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6             **IN AND FOR THE COUNTY OF MARICOPA**

7    MARK HICKS, individually;           **Case No:  CV2017-014382**

8            Plaintiff,          **CERTIFICATE OF SERVICE**

                               **BY COURT CERTIFIED PROCESS SERVER**

9    vs.

10   BLITZ U.S.A., INC.; et al.,

11            Defendants.

12   THOMAS D. SARRETT states:  That he is duly qualified and certified to serve process in
13   the cause within the State in which it was served, having been so appointed by the
      Maricopa County Superior Court; that he received the documents as described below:

14
            **Summons, Complaint, Amended Complaint, Plaintiff's Certificate**
15       **Regarding Compulsory Arbitration & Plaintiff's Demand for Jury Demand**

16   That he personally served true copies of the above documents on at 12:46 p.m. on
      January 16, 2018 at 1001 West Minton Street, Phoenix, Arizona   85041.  Service was
17   effected on **LCB Show Horses** by providing the documents to Lisa Bullock.

18   *I declare under penalty of perjury that the foregoing is true and correct. Executed on February 6, 2018.*

19

                         _____
20   Thomas D. Sarrett, cert. MC-7567

21

22

23

24

25

26

27   18-017

                                                 - 1 -

1    Victory Services, L.L.C.
     3223 E. Hillery Drive
2    Phoenix, Arizona   85032
     602-404-2075
3    Process service company

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

18 FEB -6  PM 2: 06

FILED BY N. BUTZBACH

4

5          **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

6            **IN AND FOR THE COUNTY OF MARICOPA**

7    MARK HICKS, individually;         **Case No:  CV2017-014382**

8           Plaintiff,         **CERTIFICATE OF SERVICE**

9    vs.         **BY COURT CERTIFIED PROCESS SERVER**

10    BLITZ U.S.A., INC.; et al.,

11          Defendants.

12    THOMAS D. SARRETT states:  That he is duly qualified and certified to serve process in
13    the cause within the State in which it was served, having been so appointed by the
     Maricopa County Superior Court; that he received the documents as described below:

14          **Summons, Complaint, Amended Complaint, Plaintiff's Certificate**
15       **Regarding Compulsory Arbitration & Plaintiff's Demand for Jury Demand**

16    That he personally served true copies of the above documents on **Lisa Bullock** at 12:46
     p.m. on January 16, 2018 at 1001 West Minton Street, Phoenix, Arizona  85041.

17

18    *I declare under penalty of perjury that the foregoing is true and correct. Executed on February 6, 2018.*

19    Thomas D. Sarrett, cert. MC-7567

20

21

22

23

24

25

26

27    18-017

                                      - 1 -

# Davis Process Service L.L.C.

**1524 S. Main Street**
**Little Rock, AR 72202**
**501-376-8379   FAX 501-376-8479**

MICHAEL K. JEANES, CLERK
RECEIVED ME OUTSIDE
DEPOSITORY

18 FEB -6  PM 2: 09

FILED BY N. BUTZBACH

## MARICOPA COUNTY, ARIZONA

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

**Case Number:**  CV2017-014382

**Date Received:** 16-Jan-18

**Attorney:**

**Attorney:**  David T. Panzarella

**Plaintiff:**   Mark Hicks, Individually

On Wednesday, January 17, 2018 at 10:33 AM I have duly served this

SUMMONS/COMPLAINT/AMENDED COMPLAINT/PLAINTIFF'S CERTIFICATE
REGARDING COMPULSORY ARBITRATION/& PLAINTIFF'S DEMAND FOR JURY TRIAL

on Wal-Mart Stores East, LP by the following manner of service:  by delivering a true copy to:
Karen Price. Address where party served:  AFS: The Corporation Company, 124 West
Capitol Avenue, Suite 1900, Little Rock, AR 72201.

Process server: Tim Sibert

Client No:
Fee: $55.00

Subscribed and sworn to before me on Thursday, January 18, 2018

My Commission expires 12/10/2020

Ethel S. Davis, Notary Public

ETHEL S. DAVIS
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY
12/10/2015 EXPIRES 12-10-2020

# Davis Process Service L.L.C.

**1524 S. Main Street**
**Little Rock, AR 72202**
**501-376-8379   FAX 501-376-8479**

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

18 FEB -6  PM 2: 08

FILED BY N. BUTZBACH

## MARICOPA COUNTY, ARIZONA

**STATE OF ARKANSAS**

**COUNTY OF PULASKI**

CV2017-014382

**Case Number:** CV201-014382

**Date Received:** 16-Jan-18

**Attorney:**

**Attorney:** David T. Panzarella

**Plaintiff:** Mark Hicks, Individually

On Wednesday, January 17, 2018 at 10:33 AM I have duly served this

SUMMONS/COMPLAINT/AMENDED COMPLAINT/PLAINTIFF'S CERTIFICATE
REGARDING COMPULSORY ARBITRATION/& PLAINTIFF'S DEMAND FOR JURY TRIAL

on Wal-Mart Stores, Inc. by the following manner of service:  by delivering a true copy to:
Karen Price. Address where party served:  AFS: The Corporation Company, 124 West
Capitol Avenue, Suite 1900, Little Rock, AR 72201.

Client No:

Fee: $55.00

Process server: Tim Sibert

Subscribed and sworn to before me on Thursday, January 18, 2018

My Commission expires 12/10/2020

Ethel S. Davis, Notary Public

ETHEL S. DAVIS
NOTARY PUBLIC
ARKANSAS
PULASKI COUNTY
12/10/475 EXPIRES 12-10-20

# AFFIDAVIT OF SERVICE



CORRECTED
By Clerk of the Court

| **STATE OF ARIZONA** | **COUNTY COURT** | **COUNTY OF MARICOPA** |
|---|---|---|

MICHAEL K. JEANES, CLERK
RECEIVED NE OUTSIDE
DEPOSITORY

MARK HICKS, INDIVIDUALLY,

Plaintiff,

Against                          INDEX #: CV2017-014382

**18 FEB -6  PH 2: 06**

CV2017-014382    FILED BY N. BUTZBACH

BLITZ U.S.A., INC., ET. AL.,

_____Defendants_____

| State of New York | ss.: |
|---|---|
| County of Albany | |
| Bradley S. Roy | being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in the state of New York. |

That on **1/23/18**    at **11:55 AM.**, at Corporation Service Company, 80 State St., Albany, NY 12207
deponent personally served a true copy of the **Summons & Complaint, Amended Complaint, Certificate of Compulsory Arbitration, Demand for Jury Trial** on **KINDERHOOK INDUSTRIES LLC** defendant therein named

**INDIVIDUAL**
1, ___                by delivering a true copy of each to said defendant personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION**
_X_                a **Kinderhook Industries LLC,** corporation, by delivering thereat
a true copy of each to **Kevin Vohnoutka** personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew individual to be **Service of Process Specialist** thereof.

**CORPORATION BY**
**SECRETARY OF STATE**      a _____ corporation, by delivering to and leaving with _____ a person
2a. ___                authorized by the Secretary of State to receive such service, at the office of the Department of State at 41 State Street, in the City of Albany, duplicate copies of such service with the statutory fee of $40.00.  Such service was made pursuant to Section 306BCL.

**SUITABLE**
**AGE PERSON**          by delivering thereat a true copy of each to _____ a person of suitable age and
3. ___                discretion. Said premises is defendant's – actual place of business - dwelling place – usual place of abode – within the state.

**AFFIXING TO**
**DOOR, ETC.**          by affixing a true copy of each to the door of said premises, which is defendant's - actual place of
4. ___                business – dwelling place – usual place of abode – within the state.  Deponent was unable, with due diligence to find defendant or person of suitable age and discretion, thereat, having called there:

**MAILING**
**USE WITH**           Within 20 days of such delivery or affixing, deponent mailed a copy of the Summons and Complaint
3. or 4. _____           to defendant at defendant last known residence, at_____by
on _____           first class mail in an envelope bearing the legend "Personal and Confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerned an action against the defendant.

**DESCRIPTION:**
_X_
          Sex _Male_ _Color White_ Hair _Brown_ Approx. ht. _5'10"_ Approx. Weight _180 Lbs._ Approx. Age _35-40_ other

**MILITARY SERVICE**       I asked the person spoken to whether recipient was in active military service of the United States or
___                the State of New York in any capacity whatever and received a negative reply.  Recipient wore ordinary civilian clothes and no military uniform.  The source of my information and the grounds of my belief are the conversations and observations above narrated.  Upon information and belief I aver that the recipient is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**SUMMONS**
_X_              The Summons specified the basis of venue designated.

Sworn to before me on: **1/23/18**

_____                    _____
**Notary Public**          ANGELA ROY            Brad S. Roy
          Notary Public, State of New York
          Qualified in Albany County
          No. 01RO6119005
          Commission Expires Nov. 22, 20___

STEVEN T. LONG  (021190)
**LANGLEY LAW FIRM, P.C.**
8170 North 86th Place, Suite 100
Scottsdale, Arizona 85258
(480) 609-9616
(480) 609-9620 Fax
docketing@langleyazlaw.com

*Attorneys for Defendant Discovery Plastics, LLC*

**SUPERIOR COURT OF ARIZONA**

**COUNTY OF MARICOPA**

| | |
|---|---|
| **MARK HICKS, individually,** | **Case No. CV2017-014382** |
| **Plaintiff,** | |
| **vs.** | |
| **BLITZ U.S.A., INC.; LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC; KINDERHOOK INDUSTRIES, LLC; KINDERHOOK CAPITAL FUND III, LP; BLITZ ACQUISITION HOLDINGS, INC.; BLITZ ACQUISITION, LLC; BLITZ RE HOLDINGS, LLC; F3 BRANDS, LLC; WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; DISCOVERY PLASTICS, LLC; LCB SHOW HORSES; LISA BULLOCK, Individually; JOHN DOES AND JANE DOES I-X, husbands and wives; BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX;** | **DISCOVERY PLASTICS, LLC's MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>*(Honorable Kerstin LeMaire)* |
| **Defendants.** | |

Comes now, Discovery Plastics, LLC ("Discovery Plastics"), and hereby moves for dismissal for lack of personal jurisdiction pursuant to the provisions of Rule

12(b)(2), Ariz. R. Civ. P.   This Motion to Dismiss is supported by the following Memorandum of Points and Authorities.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. Statement of Facts**

According to the Amended Complaint, Plaintiff Mark Hicks was holding and using, as intended, a portable fuel container on November 7, 2015, when the subject container exploded, causing severe injuries and damage.   Plaintiff claims that he purchased the subject container from a Wal-Mart Store.  Plaintiff further alleges that the container was manufactured by one or more of several known defendants (Blitz U.S.A., Inc.; LAM 2011 Holdings, L.L.C. a/k/a Blitz Holdings, LLC; Kinderhook Industries, LLC; Kinderhook Capital Fund III, LP; Blitz Acquisition Holdings, Inc.; Blitz Acquisition, LLC; Blitz RE Holdings, LLC; F3 Brands, LLC) or unknown defendants John Doe, Black and White Corporations I-XX, and Black and White Partnerships I-XX.  Finally, Plaintiff alleges that Discovery Plastics manufactured a component part, namely the cap on the portable gas container.

Discovery Plastics is a custom mold shop located in Miami, Oklahoma. Discovery Plastics is owned by Tom R. Paul and his wife.  See Paragraphs 2 and 3, Affidavit of Tom R. Paul attached hereto as Exhibit A.  Discovery Plastics is a custom plastics molder, meaning that it molds plastic into products which are designed and sold by third parties.  See Paragraph 4, Affidavit of Tom R. Paul attached hereto as Exhibit A.

For a limited period of time, Discovery Plastics contracted with Blitz U.S.A., Inc. ("Blitz") whereby Discovery Plastics would mold plastic into spouts and caps which Blitz incorporated into its portable fuel containers.  2008 was the last year in which Discovery Plastics molded spouts and caps for Blitz.     See Paragraph 8, Affidavit of Tom R. Paul attached hereto as Exhibit A.  Discovery Plastics has never

designed, molded, manufactured, or sold a plastic portable gas can.   See Paragraph 5, Affidavit of Tom R. Paul attached hereto as Exhibit A.

For the Blitz spouts and caps, Blitz provided Discovery Plastics with the designs, parameters, specifications, and molds which Discovery Plastics used to mold Blitz spouts and caps.  Discovery Plastics did not design or even participate in the design of any Blitz spout or cap.  Rather, Discovery Plastics merely melted plastic, injected the melted plastic into molds designed and owned by Blitz, and delivered the cooled spouts and caps to Blitz.  See Paragraphs 9 and 10, Affidavit of Tom R. Paul attached hereto as Exhibit A.  Blitz then incorporated these spouts and caps into portable gas cans, which Blitz sold to retailers.

During the relevant periods, Discovery Plastics employed approximately 80-100 employees and had many customers other than Blitz.   Currently, Discovery Plastics employs approximately 150 people in Miami, Oklahoma–a town in Northeast Oklahoma with a population of approximately 13,000 people.   See Paragraph 14, Affidavit of Tom R. Paul attached hereto as Exhibit A.

Discovery Plastics does not, and never has (a) had offices in Arizona, (b) had property in Arizona, (c) had employees, agents, or sales people in Arizona, (d) had customers in Arizona, (e) sold products in Arizona, (f) solicited business in Arizona, (g) shipped its products into Arizona, or (h) performed custom molding for any Arizona person or business.  See Paragraphs 15-21, Affidavit of Tom R. Paul attached hereto as Exhibit A.

Discovery Plastics did not design, participate in the design, or otherwise consult with Blitz concerning the design of its spouts and caps.  Discovery Plastics did not design or control the system of distribution that carried the Blitz gasoline containers into Arizona.  See, Paragraphs 9 and 22 of the Affidavit of Tom R. Paul attached hereto as Exhibit A.

CV2017-014382

Discovery Plastics did not contemplate that performing custom molding of spouts and caps for Blitz in Miami, Oklahoma, would subject it to lawsuits in Arizona. See Paragraph 23, Affidavit of Tom R. Paul attached hereto as Exhibit A.

## II. Argument and Authority

Blitz manufactured red portable gas cans.  Blitz' manufacturing facility was located in Miami, Oklahoma.  Discovery Plastics was also located in Miami, Oklahoma, approximately three (3) miles from the Blitz manufacturing plant.  Blitz asked Discovery Plastics to mold spouts and caps for the Blitz gas cans.  Discovery Plastics agreed to do so.  For a relatively short period of time, Discovery Plastics melted plastic in its mold shop, injected plastic into Blitz's molds, and delivered the cooled spouts and caps across town to Blitz.  Blitz then incorporated the spouts and caps molded by Discovery Plastic into its portable gas cans and sold Blitz-manufactured gas cans to various retailers.  Discovery Plastics has never designed, molded, manufactured, marketed, or sold a plastic gas can.  Rather, Discovery Plastics merely molded component parts (the spout and cap) using the Blitz spout and cap designs and molds which Blitz owned.

## A.  General Standards

Arizona courts may exercise personal jurisdiction to the maximum extent allowed by the United Sates Constitution.  Planning Grp. of Scottsdale, L. L. C. v. Lake Mathews Mineral Props., Ltd.,  246 P. 3d 343, 346 (Ariz. 2011); see also Ariz. R. Civ. P. 4.2(a). The question of personal jurisdiction hinges on federal law. A. Uberti & C v. Leonardo, 898 P.2d 1354 at 1358 (Ariz. 2008). The Due Process Clause contained in the Fourteenth Amendment of the United States Constitution protects a defendant from "the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' Burger King Corp. v. Rudzewicz, 471 U.S.462 (1985), quoting Int'l Shoe Co. v. Wash., Office of Unemployment Comp. & Placement,  326

4

U.S. 310 (1945). Due process thus requires that before a state court exerts jurisdiction over a nonresident defendant such as Discovery Plastics, it must first be shown that the defendant has minimum contacts with the forum such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." Int'l Shoe, 326 U.S. at 316 quoting Milliken v. Meyer,  311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940).

Personal jurisdiction is either "general" or "specific." Williams v. Lakeview Co. 199 Ariz. 1, ¶ 6, 13 P.3d 280, 280 (2000).   Arizona may exercise general jurisdiction over nonresident limited liability companies whose activities in the state are 'systematic and continuous," even if the suit's subject matter is wholly unrelated to the forum. Planning Grp. 246 P.3d at 346, quoting Int'l Shoe, 326 U.S. at 320, 66 S.Ct. 154. Specific jurisdiction, on the other hand, is "jurisdiction with respect to a particular claim," and requires "sufficient contacts" with the forum such that it is "reasonable, in the context of our federal system of government, to require the [defendant] to defend the particular suit which is brought there." Planning Grp. 226 Ariz. 262, ¶ ¶ 13-14, 246 P. 3d. at 346-347, quoting Int'l Shoe, 326 U.S. at 317, 66 S.Ct. 154.

Arizona has adopted a "holistic approach" for determining whether personal jurisdiction exists. Planning Grp. 226 Ariz. 262, ¶ 25, 246 P.3d at 349. Under this approach, Arizona courts consider (a) the breadth of the contacts between the defendant and the forum state, and (b) whether the defendant engaged in purposeful conduct for which it could reasonably expect to be hailed in to an Arizona court with respect to that conduct.  Van Heeswyk v. Jabiru Aircraft Pty., Ltd., 276 P.3d 46 (Ariz. Ct. App. 2012). Arizona has no mechanical formula.  Rather, the facts of each case must be weighed in determining whether personal jurisdiction would comport with fair play and substantial justice." Id.

If a defendant moves to dismiss for lack of jurisdiction, the burden then shifts to the Plaintiff to make a prima facie showing of jurisdiction.  Plaintiffs "cannot meet the burden of establishing personal jurisdiction with bare allegations, but must come forward with facts, established by affidavit or otherwise, supporting jurisdiction."  Van Heeswyk v. Jabiru Aircraft Pty., Ltd., 276 P.3d 46, 50 (Ariz. Ct. App. 2012).

**B. Discovery Plastics has NO contacts with Arizona and has Never Engaged in any Conduct Directed to Arizona or its Residents.**

Blitz, the alleged designer and manufacturer of the portable gasoline container at issue here, sold its red portable gasoline containers to major retailers such as Walmart, Lowes, and Home Depot.  As such, Blitz is likely subject to general personal jurisdiction in each state in which its gas cans were sold.  Conversely, Discovery Plastics merely molded a component parts (the spout) of certain models of Blitz gasoline containers and delivered those to Blitz at its manufacturing facility in Miami, Oklahoma.  Although Discovery Plastics was aware that Blitz containers were being sold throughout the United States, it never engaged in conduct, purposeful or otherwise, directed to Arizona or its residents.  Discovery Plastics has never availed itself to the benefits of Arizona law.

A similar fact pattern was presented to the United States Supreme Court in Asahi Metal Industry Co., Ltd., v. Superior Court of California, Solano County, 107 S. Ct. 1026 (1987).  In Asahi, the plaintiff was driving a motorcycle and claimed the rear tire blew out which caused an accident.  The plaintiff was severely injured and his wife was killed in the motorcycle wreck.  Plaintiff sued Cheng Shin, the tire's manufacturer, who in turn asserted a third-party claim against Asahi Metal Industry Co. ("Asahi").  Asahi was a Japanese manufacturer of valve stems.  Asahi sold valve stems to Cheng Shin, which was located in Taiwan.  Cheng Shin then incorporated the Asahi-manufactured valve stems into its tires and sold the tires internationally.

The California Supreme Court concluded that Asahi knew that some of its valve stems sold to Cheng Shin would be incorporated into tire tubes sold in California, and that Asahi benefitted indirectly from those sales. The California Supreme Court held that this indirect benefit, coupled with Asahi's knowledge of California sales, were sufficient to subject Asahi to personal jurisdiction in California.

The United States Supreme Court disagreed and reversed the California Supreme Court's ruling.  The United States Supreme Court held that mere knowledge that one's product may be swept into a forum state is not enough to establish personal jurisdiction.

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.  But, a defendant's awareness that the stream of commerce may or will sweep the product into the forum State does not convert the mere act of placing the product into the stream into an act purposefully directed toward the forum state.  **Asahi** at 1032.

Like the valve stem manufacturer in **Asahi**, supra, Discovery Plastics merely manufactured components of certain models of Blitz red portable gasoline containers, namely the spout and cap.[1]    Such spout was manufactured to Blitz' design, Blitz' specifications, and by using Blitz' molds.  Discovery Plastics merely melted plastic and injected the plastic into the Blitz molds.  "The substantial connection required by Burger King, 471 U.S. at 475, 105 S. Ct., at 2184; McGee, 355 U.S., at 223, 78 S. Ct., at 201 between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward

---

[1] Nothing herein is intended to be construed as an admission that Discovery Plastics molded the spout and cap which was on the container used by the Plaintiff.  Blitz molded many of its own spouts and caps.  Additionally, Blitz used various mold shops over the years to mold spouts and caps which it incorporated into its red plastic gas cans.

the forum state." Asahi at 1032.  Even assuming, arguendo, that Discovery Plastics molded the spout and cap on the gasoline container used by Plaintiff, Discovery Plastic has taken no action purposefully directed toward Arizona which would subject it to this Court's jurisdiction.

### III.  Conclusion and Prayer

Discovery Plastics is a small custom plastics molding shop in Northeast Oklahoma which, for a limited period of time, molded spouts and caps for Blitz.  Blitz incorporated these spouts and caps into its portable gas containers which it sold to retailers.  It would offend traditional notions of fair play and substantial justice to require Discovery Plastics to defend litigation in a state in which it has no contacts. Discovery Plastics had never availed itself to the benefits of the laws of Arizona and should be dismissed from this litigation.

DATED this 16th day of February, 2018.

LANGLEY LAW FIRM, P.C.

By:  /s/ Steven T. Long

LARRY D. LANGLEY
STEVEN T. LONG
8170 North 86th Place, Suite 100
Scottsdale, Arizona 85258
*Attorneys for Defendant Discovery Plastics, LLC*

**PDF** of the foregoing e-served this same day on:

David T. Panzarella, Esq.
LERNER & ROWE, P.C.
2701 E. Camelback Road, Ste. 140
Phoenix, AZ 85016
dpanzarella@lernerandrowe.com
minutes_entries@lernerandrowe.com
*Attorneys for Plaintiff*

By: /s/Cheryl Dunlap

EXHIBIT A

AFFIDAVIT OF TOM R. PAUL

STATE OF OKLAHOMA    )
                           ) ss.
COUNTY OF OTTAWA     )

      Tom R. Paul ("Affiant"), of lawful age, being first duly sworn upon oath, deposes and states as follows:

1.      I am a manager of Discovery Plastics, LLC.

2.      My wife and I are the owners of Discovery Plastics, LLC.

3.      Discovery Plastics, LLC, is a limited liability company with its principal (and only) place of business in Miami, Oklahoma.

4.      Discovery Plastics, LLC, is a custom plastics molder, meaning that it molds plastic into products which are designed and sold by third parties.

5.      Discovery Plastics, LLC, has never molded, designed, manufactured, or sold portable plastic fuel containers.

6.      Portable fuel containers contain basically four (4) separate parts: the container, the spout that leads from the container, the collar which screws the spout onto the container, and the cap, which is placed on the end of the spout, as follows:



7.     Blitz U.S.A., Inc. manufactured and sold various styles and sizes of portable gas cans.

8.     Discovery Plastics, LLC, previously contracted with Blitz U.S.A., Inc. to mold collars, spouts, and caps which Blitz U.S.A., Inc. then incorporated into certain models of its plastic portable fuel containers.  2008 was the last year in which Discovery Plastics, LLC, molded collars, spouts, and caps for Blitz U.S.A., Inc.

9.     The gasoline collars, spouts, and caps which Discovery Plastics, LLC, molded for Blitz were designed exclusively by Blitz U.S.A., Inc. without input from or consultation with Discovery Plastics, LLC.

10.    Discovery Plastics, LLC, did not design or even participate in the design of any Blitz U.S.A., Inc. collar, spout, or cap.

11.    Blitz U.S.A., Inc. provided Discovery Plastics LLC with the designs, parameters, specifications, and molds with which Discovery Plastics, LLC, used to mold Blitz' collars, spouts, and caps.  All Discovery Plastics, LLC, did was melt plastic, inject the melted plastic into molds designed and owned by Blitz U.S.A., Inc., and deliver the cooled plastic parts to Blitz U.S.A., Inc.

12.    Blitz U.S.A., Inc. had no ownership interest in Discovery Plastics, LLC.

13.    Discovery Plastics, LLC, does custom molding for many different customers.

14.    Discovery Plastics, LLC, averaged approximately 80-100 full or part time employees during the time Blitz U.S.A., Inc. was a customer.  Currently, Discovery Plastics, LLC, employs approximately 150 people.

15.    Discovery Plastics, LLC, has never had offices in Arizona.

16.    Discovery Plastics, LLC, has never had property in Arizona.

17.    Discovery Plastics, LLC, has never had employees in Arizona.

18.    Discovery Plastics, LLC, has never had agents or sales people in Arizona.

19.    Discovery Plastics, LLC, has never solicited business in Arizona.

20.    Discovery Plastics, LLC, has never performed custom molding for any Arizona person or business.

21.    Discovery Plastics, LLC, has never shipped its products into Arizona.

22.     Discovery Plastics, LLC, did not design or control the system of distribution that carried Blitz U.S.A., Inc. plastic portable gas cans into Arizona.

23.     Discovery Plastics, LLC, never contemplated that performing custom molding of collars, spouts, or caps for Blitz U.S.A., Inc. in Miami, Oklahoma would subject it to lawsuits in Arizona.

Further Affiant saith not.

"AFFIANT"

_____
Tom R. Paul

Subscribed and sworn to before me this ____8th____ day of February, 2018, by Tom R. Paul.

_____
Notary Public

My commission expires:
__July 11, 2020__
Commission number:
__12006427__

NAKILAH ALLGOOD
Notary Public - State of Oklahoma
Commission Number 12006427
My Commission Expires Jul 11, 2020

3