David T. Panzarella No. 013639
**LERNER & ROWE, P.C.**
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona 85016
Tel: (602) 977-1900
Fax: (602) 977-1901
dpanzarella@lernerandrowe.com
minutes_entries@lernerandrowe.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| MARK HICKS, individually;<br><br>Plaintiff,<br><br>v.<br><br>BLITZ U.S.A., INC.; LAM 2011 HOLDINGS, L.L.C., aka BLITZ HOLDINGS, LLC; KINDERHOOK INDUSTRIES, LLC.; KINDERHOOK CAPITAL FUND III, LP; BLITZ ACQUISITION HOLDINGS, INC.; BLITZ ACQUISITION. LLC; BLITZ RE HOLDINGS, LLC; F3 BRANDS, LLC; WAL-MART STORES, INC.; WAL-MART STORES EAST, LP; DISCOVERY PLASTICS, LLC; LCB SHOW HORSES; LISA BULLOCK, Individually, JOHN DOES AND JANE DOES I-X, husbands and wives; BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX;<br><br>Defendants. | No. 2:18-cv-00543-DJH<br><br>SECOND AMENDED COMPLAINT<br><br>**1. STRICT PRODUCTS LIABILITY**<br>**2. PRODUCT LIABILITY**<br>**3. NEGLIGENCE**<br><br>Jury Trial Demanded |

Plaintiff MARK HICKS (hereinafter, "Plaintiff"), an Individual, brings this Complaint against all Defendants herein, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff MARK HICKS is, and at all times herein mentioned was, an Individual residing in the City of Phoenix, County of Maricopa, State of Arizona.

2. Defendant WAL-MART STORES, INC. was and is a corporation organized under the laws of the State of Arkansas, or a Sister State, with its principal place of business located in the City of Bentonville, State of Arkansas. At all times herein mentioned, Defendant WAL-MART STORES, INC. owns and operates retail stores throughout the United States, including within the City of Arizona, County of Maricopa, State of Arizona, at which Defendant WAL-MART STORES, INC. sells to members of the public portable plastic gas cans.

3. Defendant WAL-MART STORES EAST, LP, was and is a business entity organized under the laws of the State of Arkansas, or a Sister State, with its principal place of business located in the City of Bentonville, State of Arkansas. At all times herein mentioned, Defendant WAL-MART STORES EAST, LP, is engaged in business with Defendant WAL-MART STORES, INC. in the ownership and operation of retail stores throughout the United States, including within the City of Arizona, County of Maricopa, State of Arizona, at which Defendant WAL-MART STORES EAST, LP, sells to members of the public portable plastic gas cans.

4. Defendant LISA BULLOCK is, and at all times herein mentioned was, an Individual and business owner of LCB SHOW HORSES while residing in the County of Maricopa, State of Arizona.

5. Defendant LCB SHOW HORSES is and was a sole proprietorship, partnership, corporation or other business entity organized under the laws of the State of Arizona with its principal place of business located in the County of Maricopa, State of Arizona.

15. All acts complained of herein occurred in the County of Maricopa, State of Arizona.

16. Defendants BLACK AND WHITE PARTNERSHIPS I-XX, Defendants BLACK AND WHITE CORPORATIONS I-XX, and Defendants JOHN DOES and JANE DOES I-X are, and at all times relevant herein were, corporations and/or partnerships and/or business entities and/or other persons. Plaintiff is informed and believes, and on that basis alleges, that one or more of said Defendants denominated as BLACK AND WHITE CORPORATIONS I-XX, BLACK AND WHITE PARTNERSHIPS I-XX and/or JOHN DOES and JANE DOES I-X caused an event to occur within the State of Arizona out of which the claims which are the subject matter of this complaint arose. Plaintiff does not know at the present time the true identities of said Defendants and thus, sues them by fictitious names. However, such fictitious Defendants are those corporations and/or partnerships and/or business entities and/or other persons who were negligent in some manner so as to cause the incident which is the subject matter of this lawsuit.

17. On November 7, 2015, Plaintiff was on the business property of Defendants Lisa Bullock and LCB Show Horses in the County of Maricopa, State of Arizona. At that time and place Plaintiff was an invitee on the property, holding and using as intended a portable plastic gas can containing a small amount of gasoline to apply to wood for a “birthday bon-fire” at Defendant Bullocks request. The bonfire was on the business premises. The contents were provided by Defendant Bullock and LBC Show Horses.

19. The aforementioned portable plastic gas can was designed to carry five (5) gallons of diesel fuel, yellow colored, and made from polyethylene. Upon information and belief, the portable plastic gas can began to expand just prior to igniting and exploding on its own. It was during this process Plaintiff realized the portable plastic gas would be a danger. Plaintiff attempted to toss the portable plastic gas can. During that process the portable plastic gas can exploded causing severe burns to Plaintiff’s upper extremities and the partial loss of one Plaintiff’s finger.

20. On November 2, 2015, Wal-Mart agreed to contribute $25 Million to settle gas can explosion claims due to knowingly distributing a defective product that could explode and produce catastrophic and sometimes fatal injuries, and refused to add safety devices, known as a flame arrester, to make the cans safer.

21. The above agreement occurred days before Plaintiff's explosion. Defendants had actual knowledge that foreseeable use of the portable plastic gas can was unreasonably dangerous, and failed to pull the items from it shelves.

**COUNT I**

**CAUSE OF ACTION: STRICT PRODUCTS LIABILITY**

**(AS TO DEFENDANTS WAL-MART STORES, INC. and WAL-MART STORES EAST, LP; and, BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX)**

22. Plaintiff re-alleges and incorporates by this reference the foregoing paragraphs as if they were set forth fully herein.

23. The injuries and damages to Plaintiff, and all of the losses and damages described herein were caused by the introduction of the portable plastic gas cans into the stream of commerce. The product was defective and unreasonably dangerous as designed, and was the sole cause of injury to the Plaintiff.

24. Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP and BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX exclusively sold the involved defective portable plastic gas can to the public knowing that design of the portable plastic gas can was defective, and would result in explosion and injuries to members of the public while using in the manner intended.

25. The explosion of the portable plastic gas can was a reasonably foreseeable to the Defendants who failed to provide adequate warnings and instructions for safe use.

26. As a direct and legal result of the above-described acts and omissions of Defendants, Plaintiff was severely injured and hurt in his health, strength, activity, and well-being. Plaintiff sustained injuries to his mind and body, shock and injury to his nervous system and person, and great physical, mental, and nervous pain and suffering, all of which said

injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

27. As a further direct result of the above-described product defects and acts and omissions of Defendants, Plaintiff was required to and did seek professional help for medical examination, treatment and care of his injuries. Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial. Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

28. As a further direct and legal result of the above-described product defects and acts and omissions of Defendants, Plaintiff was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

**COUNT II**

**CAUSE OF ACTION: PRODUCT NEGLIGENCE**

**(AS TO DEFENDANTS WAL-MART STORES, INC. and WAL-MART STORES EAST, LP; and, BLACK AND WHITE CORPORATIONS I-XX; BLACK AND WHITE PARTNERSHIPS I-XX)**

29. Plaintiff re-alleges and incorporates by this reference the foregoing paragraphs as if they were set forth fully herein

30. The injuries and damages suffered by Plaintiff, and all of the losses and damages described herein were caused by the negligence of Defendants herein, both generally and in the following respects: Defendants knowingly sold a portable plastic gas can which allowed dangerous and explosive fumes to escape from inside the portable plastic gas can and failed to provide adequate warnings.

31. Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP sold the involved defective portable plastic gas can to the public without any reasonable inspection of the portable plastic gas can to determine its negligent and defective design. Defendants are liable for failing to exercise reasonable care in determining accuracy of

representations regarding the safety and functionality of the portable plastic gas can, and such reliance was or should have been foreseeable by Defendant. Any such reasonable inspection by Defendants WAL-MART STORES, INC. and WAL-MART STORES EAST, LP, prior to selling the portable plastic gas can to the public, would have disclosed the negligent and defective design and its propensity to result in explosion and serious injuries and damages to members of the public.

32. The specific acts of negligent manufacturing or design on the part of each Defendant rests in facts that are peculiarly within the knowledge of the Defendants. Plaintiff relies on the doctrine of Res Ipsa Loquitor. Plaintiff will show that the character of the occurrence giving rise to this litigation is such that it would not happen in the absence of negligence and that the portable plastic gas can was within the exclusive control of Defendants at the time the negligence occurred.

33. As a direct result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff was severely injured and hurt in his health, strength, activity, and well-being. Plaintiff sustained injuries to his mind and body, shock and injury to his nervous system and person, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

34. As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff was required to and did seek professional help for medical examination, treatment and care of their injuries. Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial. Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

35. As a further direct and legal result of the above-described negligent product design, defects and acts and omissions of Defendants, Plaintiff was prevented from attending to

his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

**COUNT III**

**CAUSE OF ACTION: NEGLIGENCE**

**(AS TO DEFENDANTS LISA BULLOCK and LCB SHOW HORSES)**

36. Plaintiff re-alleges and incorporates by this reference the foregoing paragraphs as if they were set forth fully herein

37. On November 7, 2015, Defendants LISA BULLOCK and LCB SHOW HORSES each had a duty to maintain their premises in a reasonably safe condition. Defendants LISA BULLOCK and LCB SHOW HORSES breached their duty of care by providing Plaintiff a portable plastic gas can that exploded and caused Plaintiff severe injuries and damages while Plaintiff was using the portable plastic gas can as intended to assist the Defendants with a function on their business property.

38. Defendants, and each of them, were negligent in developing, developing, designing, manufacturing, testing, selling, testing, and marketing the fuel container at issue.

39. These Defendants failed to take reasonable care of the subject portable plastic gas can.

40. The improper manner in which the portable plastic gas can was stored contributed to its naturally defective state.

41. Any reasonable person and/or business owner would not have asked or instructed an invitee to utilize the portable plastic gas can in question in its condition.

42. As a direct result of the above-described negligence of Defendants, Plaintiff was severely injured and hurt in his health, strength, activity, and well-being. Plaintiff sustained injuries to his mind and body, shock and injury to his nervous system and person, and great physical, mental, and nervous pain and suffering, all of which said injuries have caused, and continue to cause, Plaintiff to suffer damages including, but not limited to, loss of quality of life, in an amount to be determined according to proof at trial, but in an amount greater than this court's minimum jurisdictional limit.

43. As a further direct and legal result of the above-described negligence of Defendants, Plaintiff was required to and did seek professional help for medical examination, treatment and care of his injuries. Plaintiff incurred medical and incidental expenses, in an amount according to proof at trial. Further, as a legal result of the above described product defects and acts and omissions of Defendants, Plaintiff will, in the future, continue to incur medical and incidental expenses in an amount according to proof at trial.

44. As a further direct and legal result of the above-described negligence of Defendants, Plaintiff was prevented from attending to his employment and duties, thereby sustaining a loss of past and future earnings, the exact amount of which will be stated according to proof at trial.

**WHEREFORE**, Plaintiff MARK HICKS prays for Judgment against Defendants and each of them as follows:

a. For damages incurred by the Plaintiff in such amounts as are reasonable to compensate for the injuries and losses suffered;

b. For recovery of all economic damages suffered by Plaintiff;

c. For recovery of all non-economic damages suffered by Plaintiff;

d. For the value of past and future intangible losses recoverable under applicable law;

e. For any other past and future losses permitted by law;

f. For costs of this action; and

g. For such other and further relief as the Court deems just and proper.

Dated: March 26, 2018

**LERNER & ROWE, P.C.,**

By ______________________

David T. Panzarella, Esq.
2701 E. Camelback Rd., Ste. 140
Phoenix, Arizona 85016
*Attorney for Plaintiff*