NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mark Hicks,

Plaintiff,

v.

Blitz USA Incorporated, et al.,

Defendants.

No. CV-18-00543-PHX-DJH

**ORDER**

This matter is before the Court on Defendant Walmart's Motion to Dismiss the Second Amended Complaint. (Doc. 19). Defendant moves for dismissal pursuant to Rules 12(b)(6) and 8(a)(2) of the Federal Rules of Civil Procedure. Plaintiff has not filed a response and the time to do so has expired. *See* LRCiv 7.2(c) (providing that a response must be filed within fourteen days after service of the motion). Defendant also filed a Motion to deem the present Motion to Dismiss as Unopposed. (Doc. 24). Plaintiff has not filed a response to that motion either and the time to do so has expired. The Court issued an Order for Plaintiff to show cause by May 10, 2018 as to why the Court should not deem the Motion to Dismiss as unopposed and why the Plaintiff's Complaint should not be stricken. (Doc. 25). Plaintiff also did not respond to the show cause Order.

Moreover, it appears to the Court that the Plaintiff has abandoned this case. The Court notes a pattern of delay and a failure to abide by Court Orders from Plaintiff in this case. On March 26, 2018, Plaintiff filed a Second Amended Complaint. (Doc. 16). On March 27, 2018, the Court issued a deficiency notice and ordered Plaintiff to file an

amended Complaint within one business day to comply with LRCiv 15.1(b). (Doc. 17). Plaintiff did not comply with this Order. On April 9, 2018, the Court ordered Plaintiff to show cause no later than April 13, 2018, for failure to comply with LRCiv 15.1(b).[1] (Doc. 21). Plaintiff did not respond to the show cause order by April 13, 2018. Plaintiff filed an amended pleading on April 16, 2018, three days after the Court-ordered deadline. (Doc. 22). On April 17, 2018, the Court issued a notice of deficiency to Plaintiff that the amended pleading filed on April 16, 2018 failed to comply with LRCiv 7.1(a)(3) and (c). (Doc. 23). To date, this deficiency has not been cured. And lastly, as noted above, Plaintiff has not responded to the May 3, 2018 show cause Order.[2] Moreover, Plaintiff is not pro se. Plaintiff is represented by David T. Panzarella, Managing Member of the Litigation Committee of Lerner & Rowe Law Group.

Plaintiff filed this action in Arizona Superior Court on November 6, 2017, against eleven corporations, one individual, one sole proprietorship, ten anonymous individuals, twenty anonymous corporations, and twenty anonymous partnerships. (Doc. 1). Plaintiff's original Complaint contained five Counts, the first four of which were asserted against Walmart among other named and unnamed Defendants: (1) "Products Liability"; (2) "Product Negligence"; (3) "Expressed Warranty"; (4) "Implied Warranty"; and (5) "Negligence." (Doc. 1 at 4-16). On January 10, 2018, Plaintiff filed his First Amended Complaint. The First Amended Complaint was substantially similar to the initial Complaint. The Case was Removed to this Court on February 16, 2018. (Doc. 1).

Prior to filing the present Motion, Defendant made multiple efforts to communicate its issues with respect to the Complaint, in accordance with LRCiv 12.1. These included emailing Plaintiff's counsel on February 20, 2018, and meeting and

[1] Ordering "that no later than Friday, April 13, 2018, Plaintiff shall show cause in writing for failure to comply with LRCiv 15.1(b). Failure to comply with this order by the Friday, April 13, 2018 deadline may result in the Court striking the noncompliant document. (Doc. 21).

[2] Stating "that Plaintiff must SHOW CAUSE in writing on or before Thursday, May 10, 2018 why Defendants (Doc. 24) Motion to Deem Its Motion to Dismiss as Unopposed should not be granted and why Plaintiff's (Doc. 16) Second Amended Complaint should not be stricken for failure to comply with the Local Rules and the Court's Order." (Doc. 25).

conferring on February 22, 2018 regarding the Defendant's intent to file a Motion to Dismiss. (Doc. 19 at 8). At the meet and confer, Plaintiff indicated that he would attempt to cure the deficiencies as pointed out by Defendant. Defendant agreed to give Plaintiff 30 days to amend his First Amended Complaint rather than filing a Motion to Dismiss at that time. (Doc. 19 at 8-9). As part of the meet and confer, Defendant sent Plaintiff a draft of its motion to dismiss, including citations to all legal authority that would be relied upon. The Parties entered into a stipulation to allow Plaintiff to file a Second Amended Complaint. (Doc. 8). On March 26, 2018, Plaintiff filed his Second Amended Complaint. (Doc. 16). This Complaint was deficient in a number of respects as discussed above, and to date, Plaintiff has not corrected those deficiencies.

## II. Applicable Law

The Court may construe Plaintiff's failure to respond as consent to the granting of the motion. *See* LRCiv 7.2(i) (failure to file a response to a motion may be deemed a consent to the granting of the motion and the Court may dispose of it summarily); *see also* *Wystrach v. Ciachurski*, 267 F. App'x 606, 607 (9th Cir. 2008) ("The court also did not abuse its discretion in applying its local rule summarily to grant defendants' motion to dismiss because plaintiffs failed timely to respond."); *Garcia v. GMAC Mortgage, LLC*, 2009 WL 2782791, at * 1 (D. Ariz. 2009) ("If an argument is not properly argued and explained, the argument is waived."); *Doe v. Dickenson*, 2008 WL 4933964 at *5 (D. Ariz. 2008) ("[t]he Court is entitled to treat Plaintiffs' failure to respond as waiver of the issue and consent to Defendants argument); *Currie v. Maricopa County Cmty. College Dist.*, 2008 WL 2512841, at * 2 n. 1 (D. Ariz. 2008) ("Plaintiff does not respond to this argument, and her failure to do so serves as an independent basis upon which to grant [the] motion").

"Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before summarily dismissing a case, however, five factors must be weighed: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. (*Id*.).

**1. Resolution of Litigation**

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Accordingly, the Court finds that the first factor weighs in favor of dismissal of this matter.

**2. The Court's Need to Manage its Docket**

Plaintiff's actions have delayed these proceedings, and have caused extra expense to the Defendant in needing to file an additional Motion with respect to its original Motion to Dismiss. Plaintiff's failure to respond to Court Orders and follow the Local Rules of this District, and his failure to respond to the Motions have delayed expeditious resolution of the case, creating additional work for the Court. Moreover, Plaintiff's failure to respond has halted the proceedings in this case and has allowed Plaintiff to control the pace of the case rather than the Court. *See Yourish*, 191 F.3d at 991 ("Because the district judge was in a superior position to evaluate the effects of delay on [its] docket, we find that this factor strongly favors dismissal."). This factor strongly weighs in favor of dismissing the case.

**3. Prejudice to Defendant**

Failure to prosecute, on its own, is not sufficiently prejudicial to a defendant to warrant dismissal of an action. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Here, however, Plaintiff has not only failed to prosecute the case, but has caused Defendant extra expense and uncertainty with regard to the case. Plaintiff's lack of response to Defendant's Motion to Dismiss required Defendant to file a Motion to deem its Motion to Dismiss as Unopposed. (Doc. 24). Additionally, Plaintiff has not responded to Court Orders to Show Cause to explain his lack of response and to determine whether to excuse the failure to respond. Therefore, the Court determines that this factor weighs in favor of dismissal as Plaintiff's actions amount to more than mere failure to prosecute his case.

**4. Public Policy Favoring Disposition on Merits**

With respect to public policy disfavoring the granting of default judgment, this factor almost always weighs against dismissal. However, when balancing the public policy considerations of the disposition of the case on the merits, and the failure of the Plaintiff to obey Court Orders and Local Rules, this factor does not outweigh the others.

**5. Less Drastic Sanctions**

The Court has issued two Orders to Show Cause that have gone unanswered by Plaintiff. In addition, Plaintiff has not followed the Local Rules and has disregarded other Orders of this Court. This is Plaintiff's case to prosecute. The Court, as well as the Defendant, cannot wait around until Plaintiff decides to prosecute his case. Therefore, the Court determines that, while less drastic sanctions may exist, that dismissal is warranted here because less drastic actions have already been attempted to no avail. This factor does not weigh against dismissal.

Based on the general lack of response to numerous Court Orders, and specifically on the failure to respond to the Motion to Dismiss and the Motion to deem the Motion to Dismiss as unopposed, the Court will construe Defendant's failure to respond as consent to granting the Motion pursuant to LRCiv 7.2(i). Therefore, the Court will grant the Defendant's Motion to Dismiss.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to deem the present Motion to Dismiss as Unopposed (Doc. 24) is **DENIED** as moot.

**IT IS FINALLY ORDERED** directing the Clerk of Court to terminate this action.

**Dated** this 25th day of May, 2018.

Honorable Diane J. Humetewa
United States District Judge